IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOSEPH BENJAMIN KEYS**                                           **PETITIONER**

**v.**                                **CIVIL ACTION NO. 2:22-cv-139-KS-MTP**

**WARDEN JAMES WILKINS**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Joseph Benjamin Keys and Respondent's Motion to Dismiss [11] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [11] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On March 21, 2013, in the Circuit Court of Covington County, Mississippi, Petitioner was convicted of sexual battery of his eleven-year-old cousin and sentenced as a habitual offender to life in prison. ([12-5] at 180-83). Petitioner appealed his conviction to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On September 20, 2016, the court of appeals affirmed Petitioner's conviction in a written opinion. *See Keys v. State*, 213 So. 3d 515 (Miss. App. 2016).[1] On December 15, 2016, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([12-23] at 2). Based on a review of the record and a review of the United States Supreme Court's automated docket

---

[1] The court of appeals initially affirmed Petitioner's conviction in a per curiam affirmance entered on April 21, 2015, but on September 20, 2016, the court of appeals withdrew its previous affirmance and entered a new opinion affirming the conviction. *See* https://courts.ms.gov/index.php?cn=77706#dispArea (last visited March 13, 2023).

system,[2] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On March 15, 2017, Petitioner filed in the Mississippi Supreme Court an "Application for Leave to Proceed in the Trial Court," along with his "Post-Conviction Motion for Collateral Relief." ([12-24] at 107-19).[3] On July 19, 2017, the supreme court granted Petitioner leave to proceed with his PCR motion in the trial court. ([11-2]). The trial court, after granting Petitioner several extensions, conducted an evidentiary hearing and denied Petitioner's PCR motion on July 23, 2020. ([11-3]). The trial court held: "After almost three years of continuances at the request of the Petitioner and/or his attorney(s) the Petitioner failed to come forward with any credible evidence or witnesses sufficient to meet his burden of proof." ([11-3] at 9).

On June 2, 2022, Petitioner filed a second PCR motion.[4] On August 25, 2022, the Mississippi Supreme Court denied the second PCR motion. ([11-4]).

On October 5, 2022, Petitioner submitted his federal Petition for Writ of Habeas Corpus [1].[5] On January 9, 2022, Respondent filed a Motion to Dismiss [11] arguing that the Petition is

---

[2] *See* https://www.supremecourt.gov/docket/docket.aspx (last visited March 13, 2023).

[3] The PCR motion was stamped filed on March 20, 2017, but the materials submitted along with the PCR motion included multiple certificates of service signed on March 15, 2017. Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts). Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing. Giving Petitioner the benefit of the doubt, the undersigned will assume that his PCR motion was delivered to prison officials on March 15, 2017.

[4] *See* https://courts.ms.gov/index.php?cn=86094#dispArea (last visited March 13, 2023). The second PCR motion was signed on June 2, 2022, and stamped filed on June 8, 2022.

[5] The Petition was signed on October 5, 2022, and stamped filed in this Court on October 12, 2022.

untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a Response [16], which he labeled an affidavit. Respondent filed a Reply [17], and without leave of Court, Petitioner filed a Sur-reply [21] and an "Affirmation" [20].

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The Mississippi Supreme Court denied Petitioner's petition for writ of certiorari on December 15, 2016. ([12-23] at 2). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Petitioner's judgment became final—and the statute of limitations for federal habeas relief began to run—on March 15, 2017 (December 15, 2016 plus 90 days). Petitioner was required to file his federal habeas petition by March 15, 2018, unless he is entitled to statutory and/or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

3

Petitioner filed his Petition on October 5, 2022, more than five and a half years after the judgment became final.

*Statutory Tolling*

Whether statutory tolling occurred during the period between the judgment becoming final on March 15, 2017, and Petitioner filing his federal habeas Petition on October 5, 2022, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. As previously stated, Petitioner filed his first PCR motion on March 15, 2017. ([12-24] at 107-19). The trial court denied the PCR motion on July 23, 2020. ([11-3]). As a result, the limitations period was tolled for 1,226 days (March 15, 2017, to July 23, 2020), and Petitioner's deadline to file his federal habeas petition was extended to July 23, 2021.

Petitioner filed his second PCR motion on June 2, 2022. By the time Petitioner filed his second PCR motion, however, the time for filing a federal habeas petition had already expired. Accordingly, the second PCR motion did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired). Thus, Petitioner was required to file his federal habeas petition by July 23, 2021. Petitioner filed his Petition on October 5, 2022, more than a year after the deadline expired.

*Equitable Tolling*

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and

4

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his Response [16], Petitioner re-urges the claims from his Petition [1], but makes no argument for equitable tolling. However, in his Sur-reply [21], which he filed without leave of Court, Petitioner asserts that he did not have "access to an adequate law library or the aid of person(s) trained in the law." ([21] at 3). "But the Fifth Circuit has been reluctant to extend equitable tolling to claims based on inadequate law library." *Dixon v. Epps*, 2012 WL 568706, at *2 (S.D. Miss. Feb. 21, 2012) (collecting cases). Petitioner has no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To invoke tolling, Petitioner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a claim." *Id*. He must show "that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Here, Petitioner has failed to explain how the prison's inadequate library or legal assistance program prevented him from filing a timely habeas

5

petition. Petitioner makes no other argument for equitable tolling, and nothing in the record indicates the presence or rare and exceptional circumstances warranting equitable tolling.

**Actual Innocence**

In his Response [16], Petitioner asserts that he has "maintained his contentions of innocence from the outset." ([16] at 6). The Supreme Court has explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare . . . ." *Id*. In order for a petitioner to meet the threshold requirement, he must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 824.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup*, 513 U.S. at 326). The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, but rather that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329.

In support of his assertion of innocence, Petitioner argues that his indictment was defective as it failed to inform him of the nature of the charge against him. However, "actual innocence'" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*,

6

523 U.S. 614, 623-24 (1998). "In other words, actual innocence means that the person did not commit the crime." *Sarringar v. Davis*, 2018 WL 3640208, at *2 (N.D. Tex. July 6, 2018). "[A]lleged defects in an indictment assert, at most, legal insufficiency, not the factual innocence required to avoid the time bar." *Johnson v. Bowen*, 2022 WL 17960456, at *2 (S.D. Ga. Dec. 27, 2022); *see also Sarringar*, 2018 WL 3640208, at *2 (holding that a claim of defective indictment was a legal innocence claim not an actual innocence claim and thus barred by AEDPA's statute of limitations); *McCune v. Shivers*, 2019 WL 2218999, at *1 (S.D. Miss. May 22, 2019) (holding that a defect in the indictment "would not establish actual innocence"); *Burell v. Dir., TDCJ-CID*, 2022 WL 2865867, at * 10 (E.D. Tex. Apr. 21, 2022) ("the alleged defect in [petitioner's] indictment does not amount to a claim of 'actual innocence' sufficient to evade the statute of limitations"). Thus, Petitioner's claim of a defective indictment does not establish actual innocence.

Petitioner also argues in his Petition [1] that "no DNA or biological evidence" was "produced as an exhibit." Such evidence, however, is not a prerequisite to conviction. *See Buckley v. Louisiana*, 2021 WL 4742939, at *4 (E.D. La. Oct. 12, 2021) ("the lack of DNA evidence and the results of the rape test kit fail to establish petitioner's innocence"); *Rose v. Dir., TDCJ-CID*, 2017 WL 7052235, at *5 (E.D. Tex. Nov. 21, 2017) ("his claims regarding lack of penetration and DNA certainly do not demonstrate his innocence"); *Smith v. Turner*, 2015 WL 8600651, at *3 (S.D. Miss. Nov. 6, 2015) ("the fact that the Petitioner's DNA was not found on the murder weapon does not necessarily demonstrate actual innocence"); *Henderson v. Stephens*, 2014 WL 1600621, at *4 (S.D. Tex. Apr. 21, 2014) ("the fact that the rape kit may not have contained [petitioner's] DNA is not proof that there was no sexual assault"). The Court notes that the jury heard from multiple witnesses, including the victim, who testified that Petitioner

"held her down, pulled down her pants, and licked her genital area." *Keys*, 213 So. 3d at 517. Petitioner's submissions fall far short of demonstrating actual innocence.

## CONCLUSION

Petitioner's state court judgment became final on March 15, 2017. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal habeas petition by July 23, 2021. Petitioner filed his Petition on October 5, 2022. Petitioner has failed to establish that additional statutory or equitable tolling is appropriate or that he is actually innocent. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 15th day of March, 2023.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge