**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOSEPH BENJAMIN KEYS**                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 2:22-cv-00139-KS-MTP**

**WARDEN JAMES WILKINS**                                          **RESPONDENT**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Joseph Benjamin Keys, Respondent's Motion to Dismiss [11] pursuant to 28 U.S.C. § 2244(d), Report and Recommendation [23] of Magistrate Judge Michael T. Parker, Petitioner's Objection [25] to Report and Recommendation, Notice of Respondent's Intention Not to File Formal Response to Objections [27], and the record and pleadings herein and the Court does hereby find as follows:

### I.  PROCEDURAL HISTORY

On March 21, 2013, in the Circuit Court of Covington County, Mississippi, Petitioner was convicted of sexual battery of his eleven-year-old cousin and sentenced as a habitual offender to life in prison. [12-5] at p. 180-83. Petitioner appealed his conviction to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On September 20, 2016, the court of appeals affirmed Petitioner's conviction in a written opinion. *See Keys v. State*, 213 So. 3d 515 (Miss. App. 2016). On December 15, 2016, the Mississippi Supreme Court denied Petitioner's Petition for Writ of Certiorari. [12-23] at p. 2. Based on a review of the record and a review of the United States Supreme Court's automated docket system, Petitioner did not file a petition for writ of certiorari with the United States Supreme

1

Court. On March 15, 2017, Petitioner filed in the Mississippi Supreme Court an "Application for Leave to Proceed in the Trial Court," along with his "Post-Conviction Motion for Collateral Relief." [12-24] at p. 107-119. On July 19, 2017, the supreme court granted Petitioner leave to proceed with his PCR motion in the trial court. [11-2]. The trial court, after granting Petitioner several extensions, conducted an evidentiary hearing and denied Petitioner's PCR motion on July 23, 2020. [11-3]. The trial court held: "After almost three years of continuances at the request of the Petitioner and/or his attorney(s) the Petitioner failed to come forward with any credible evidence or witnesses sufficient to meet his burden of proof." [11-3] at p. 9. On June 2, 2022, Petitioner filed a second PCR motion. On August 25, 2022, the Mississippi Supreme Court denied the second PCR motion. [11-4].

On October 5, 2022, Petitioner submitted his federal Petition for Writ of Habeas Corpus [1]. On January 9, 2022, Respondent filed a Motion to Dismiss [11], arguing that the Petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a Response [16], which he labeled an affidavit. Respondent filed a Reply [17], and without leave of Court, Petitioner filed a Sur-reply [21] and an "Affirmation" [20]. Subsequently, on March 15, 2023, Magistrate Judge Michael T. Parker entered the Report and Recommendation [23]. Petitioner filed Objections [25] to Report and Recommendation, and Respondent filed an Intention Not to File Formal Response to Objections [27].

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III

Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner does not materially object to Judge Parker's determination that the statute of limitations, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), expired before Petitioner filed. Nor does he materially object to Judge Parker's determination that this situation does not call for equitable tolling. Instead, all of Petitioner's objections boil down to a challenge of his indictment as faulty which he contends deprived the trial court of jurisdiction. Thus, it is Petitioner's contention that the statute of limitations bar is not applicable.

The basis for Judge Parker's recommendation that the Petition be dismissed is that Petitioner failed to file before the statute of limitation ran out pursuant to the AEDPA.  The law is clear, the AEDPA specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was required to file his federal habeas petition by July 23, 2021. Petitioner filed his Petition on October 5, 2022, more than a year after the deadline expired. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Those circumstances have not been presented here.

Additionally, Several federal courts have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitions challenged the state trial courts' jurisdiction to convict and sentence the petitioners. *See, Scott v. Johnson*, 227 F.3d 260, 261 (5th Cir. 2000); *See also, Jackson v. Sec'y for the Dep't of Corr.*, 206 Fed. Appx. 934, 937 (11th Cir. 2006). "There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective." *Davis v. Sec'y, Dep't of Corrs.*, No. 8:09cv702-T-30MAP, 2009 U.S. Dist. LEXIS 120517, 2009 WL 4730548, at *1 (M.D. Fla. Dec. 7, 2009). Furthermore, the Court has found no precedent holding that the federal habeas limitations period of §

4

2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court. *Smith v. Jones*, No. 3:14cv195-MCR/EMT, 2015 U.S. Dist. LEXIS 15420, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9 2015).

Thus, Petitioner's objection as to the indictment fails. As such, Petitioner has failed to establish that additional statutory or equitable tolling is appropriate or that he is actually innocent. He cannot avoid the statute of limitations bar, so his claim is barred. Consequently, it will be dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1), this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation [23] is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation [23].

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation [23] is accepted pursuant to 28 U.S.C. §636(b)(1) and that Joseph Benjamin Keys' claim is DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED this 19th day of April 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE